**FILED
JANUARY 15, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**08 C 330**

| | | |
|---|---|---|
| KENNETH C. FLETCHER, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. |
| vs. | ) | |
| | ) | |
| WERNER CO. and | ) | |
| MENARD, INC. | ) | |
| | ) | |
| Defendants. | ) | |

**JUDGE KENDALL
MAGISTRATE JUDGE MASON**

## NOTICE FOR REMOVAL

TO:   Clerk of United States District Court, Northern District of Illinois, Eastern Division, 219 S. Dearborn St., Chicago, IL 60604;

Thomas Manzella, Block Klukas & Manzella, P.C., 19 W. Jefferson Street, Joliet, IL 60432

Defendants, Werner Co. ("Werner") and Menard, Inc. ("Menard"), by and through their attorneys, Tribler Orpett & Meyer, P.C., submit this Notice for Removal pursuant to 28 U.S.C. §1441(a). In support of this notice, Werner states as follows:

1.   This is a product liability action involving an allegedly defective ladder. The ladder was allegedly designed and manufactured by Werner and sold by Menard

2.   Plaintiff filed suit against Werner on or about December 4, 2007. The complaint seeks venue in the Circuit Court of the Twelfth Judicial Circuit, Will County, State of Illinois. Defendants were served with the summons and complaint on or about December 13, 2007. (Copies of the summons and complaint are attached hereto as <u>Group Exhibit A</u>.)

3. Plaintiff is a citizen of the State of Illinois. Werner is a Delaware corporation with its principal place of business in Greenville, Pennsylvania. Menard is a Wisconsin corporation with its principal place of business in Eau Claire, Wisconsin.

4. Werner and Menard are represented by the same counsel and consent to the removal.

5. The complaint alleges that plaintiff suffered personal and pecuniary injuries, and seeks an amount that exceeds $50,000. (*See* Group Exhibit A).

6. On December 21, 2007, Werner served plaintiff with a request to admit facts pursuant to Illinois Supreme Court Rule 216. The request asks plaintiff to admit that he will seek damages in excess of the $75,000 jurisdictional limit. (A copy of the request to admit is attached hereto as Exhibit B).

7. On or about January 8, 2008, plaintiff filed his response to the request to admit facts. Defense counsel received the response via mail on or about January 11, 2007. The response states in pertinent part:

> 1. The amount that plaintiff will seek to recover from defendants in this litigation exceeds $75,000, exclusive of interest and costs.
>
> RESPONSE: At this time, Plaintiff denies each and every allegation contained in Paragraph One of Defendant' Request To Admit Facts, and more fully states that the amount sought by Plaintiff is in excess of $50,000, thereby meeting the statutory requirements and local rules for filing lawsuits in the Civil Law Division in the Circuit Court of the Twelfth Judicial Circuit, Will County, Illinois. Answering further, it will be the jury's determination on the proper and just amount of compensation to Plaintiff, exclusive of interest and costs.

8. Plaintiff's response is, at best, non-committal as to the value of the case. He denies that he will seek in excess of $75,000, but qualifies the denial by stating "*At this time…*" He further states that the case has a value of *in excess of* $50,000. He concludes with the

qualification that the jury will ultimately determine what his case is worth.  Finally, the answer is not sworn or verified as required by Illinois Supreme Court Rule 216(c).  (A copy of plaintiff's response is attached hereto as <u>Exhibit C</u>.)

9. In short, plaintiff is being coy in an apparent attempt to avoid having the case removed.

10. Based on plaintiff's response, counsel for Werner and Menards have a good faith belief that plaintiff will, in fact, seek to recover more than $75,000, exclusive of interest and costs.

11. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §1332(a)(1) because there is complete diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interests and costs.

12. Pursuant to 28 U.S.C. § 1446(b) and local rules and case law, this notice has been filed within 30 days of when defendants knew or could have known that this case was subject to the jurisdiction of this Court.

13. This action may be removed to the United States District Court for the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. § 1441(a).

14. Written notice of the filing of this notice will be provided to plaintiff's attorney and to the Clerk of the Circuit Court for Twelfth Judicial Circuit, Will County, State of Illinois. (A copy of the notice of filing this petition is attached hereto as <u>Exhibit C</u>).

WHEREFORE, further proceedings in this action should be discontinued, and this action shall be removed to the United States District Court for the Northern District of Illinois, Eastern Division.

                                        TRIBLER ORPETT & MEYER, P.C.

                                        By: /s/ Stephen S. Weiss
                                        Attorneys for defendants, Werner Co. and Menard, Inc.

Stephen S. Weiss
TRIBLER ORPETT & MEYER, P.C.
225 W. Washington, Suite 1300
Chicago, IL 60606
(312) 201-6400

## **PROOF OF SERVICE**

     I, Stephen S. Weiss, an-attorney, certify that I served this notice for removal, civil cover sheet and appearances by mailing a copy to Thomas J. Manzella at Block, Klukas & Manzella, P.C., 19 West Jefferson Street, Joliet, IL 60432, by depositing same in the U.S. Mail at 225 West Washington Street, Chicago, Illinois 60606, at or about 5:00 p.m. on January 15, 2008, with proper postage prepaid.

                                                          /s/ Stephen S. Weiss_____
                                                          Signature